| HCDistrictclerk.com | AYALA, GERSON vs. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | 5/22/2020 |
|---|---|---|
| | Cause: 202022698    CDI: 7    Court: 129 | |

### APPEALS
No Appeals found.

### COST STATMENTS
No Cost Statments found.

### TRANSFERS
No Transfers found.

### POST TRIAL WRITS
No Post Trial Writs found.

### ABSTRACTS
No Abstracts found.

### SETTINGS
No Settings found.

### NOTICES
No Notices found.

### SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 4/9/2020 | **Court** | 129th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686180 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | OTHER CIVIL | **JudgeName** | MICHAEL GOMEZ |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 4/13/2020 | | |

### ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| AYALA, GERSON | PLAINTIFF - CIVIL | | ADROGUE, MATIAS JOSE |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH | REGISTERED AGENT | | |

**EXHIBIT B**

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/15/2020 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY |
| 4/9/2020 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 4/9/2020 | ORIGINAL PETITION | | | 0 | | ADROGUE, MATIAS JOSE | AYALA, GERSON |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH | 4/9/2020 | 4/13/2020 | 4/27/2020 | | | 73742234 | E-MAIL |
| | 1999 BRYAN ST SUITE 900 DALLAS TX 75201 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90585836 | Defendant Answer and Demand for Jury Trial | | 05/15/2020 | 2 |
| 90422458 | Citation | | 05/01/2020 | 2 |
| 90207287 | Plaintiff's Original Petition Jury Demand and Request for Disclosures | | 04/09/2020 | 12 |
| ·> 90207288 | Civil Process Request Form | | 04/09/2020 | 1 |

NO. _____

| | | |
|---|---|---|
| **GERSON AYALA** <br> *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| V. | § § § | _____ **JUDICIAL DISTRICT** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** <br> *Defendant.* | § § § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE TO DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Gerson Ayala, Plaintiff herein, and files his Original Petition complaining of Allstate Fire and Casualty Insurance Company, Defendant herein, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1. Discovery in this case is intended to be conducted under Level 3 pursuant to Texas Rules of Civil Procedure 190.4.

### II.
### PARTIES

2. Plaintiff Gerson Ayala is a natural person residing in Harris County, Texas and is before the Court for all purposes.

3. Defendant Allstate Fire and Casualty Insurance Company is an insurance company licensed by the State of Texas. Citation may be served on Defendant by serving its registered agent by certified mail return receipt requested at the following address: CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. **CITATION IS REQUESTED.**

## III.
## VENUE AND JURISDICTION

4. Venue is proper in Harris County, Texas, pursuant to § 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE as all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas.

5. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over all parties as set our herein.

## IV.
## NATURE OF CASE

6. On or about 2:00 am, April 10, 2016, Gerson Ayala, ("Plaintiff"), was travelling north on Kirby Drive between Bissonnet and North Blvd in Houston, Harris County, Texas. Suddenly, and without warning, Laquisha Ranee Kitrell, an underinsured driver, rear-ended Plaintiff's vehicle. At the time of the car wreck, Plaintiff was a named insured on an insurance policy with Defendant, Allstate Fire and Casualty Insurance Company ("Defendant") which provided that in exchange for monthly premiums, Plaintiff was protected against loss caused by bodily injury and property damage resulting from the ownership, maintenance, or use of an underinsured motor vehicle.

7. As a proximate result of the car wreck in question, Plaintiff suffered serious injuries and damages. His medical expenses to date exceed $44,000.

8. Accordingly, the liability insurance carrier for the underinsured driver has tendered its policy limits of $30,000 and, with Allstate Fire and Casualty Insurance Company's permission, Defendant settled his third-party claim. However, the at-fault policy does not even cover Gerson Ayala's medical expenses to date, and is clearly insufficient to cover Plaintiff's damages resulting

from the collision at issue.

## V.
## CONDITIONS PRECEDENT

9. Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the cases of action at bar.

10. At all relevant times, Plaintiff was insured under an automobile insurance policy with Allstate Fire and Casualty Insurance Company, Policy No. 829 581 900 (the "Insurance Policy"), which insured Plaintiff in the event he was damaged or injured by the negligence of an underinsured motorist. Plaintiff has complied with all the terms and conditions of the Insurance Policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of the Insurance Policy, unless the original of the same is produced by Allstate Fire and Casualty Insurance Company at said trial. In this regard, Plaintiff would show that Laquisha Ranee Kitrell was in fact an underinsured motorist as defined by law and the Insurance Policy.

11. Plaintiff presented his claim for underinsured motorist benefits under his contract of insurance with Allstate Fire and Casualty Insurance Company. Plaintiff presented to Defendant a demand for payment of his claim under the Insurance Policy. Defendant has made no settlement offers in response to Plaintiff's demand for the policy limits in the amount of $30,000.00, the per-person limit of the underinsured motorist provision of the Insurance Policy. Plaintiff's damages exceed the limits of both applicable insurance policies, as Gerson Ayala's past medical expenses alone are over $44,000. Even so, Defendant has offered nothing.

12. Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

## VI.
## NEGLIGENCE OF LAQUISHA RANEE KITRELL

13. The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately cause by the negligent conduct of Laquisha Ranee Kitrell, an underinsured motorist, in one or more of the following respects:

   a. In operating a vehicle in a careless manner and/or in violation of TEX. TRANS. CODE ANN. § 545.001 *et seq.*;

   b. In failing to have the vehicle he was operating under proper control;

   c. In failing to make timely application of his brakes;

   d. In failing to operate the vehicle in a reasonable and prudent manner;

   e. In failing to keep a proper lookout for others using the roadway;

   f. In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made basis of this suit;

   g. In failing to control the speed of his vehicle;

   h. In failing to maintain an assured clear distance; and

   i. In failing to operate the vehicle in obedience to traffic laws and regulations.

14. Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, proximately caused the collision made the basis of this cause of action; the injuries suffered by Plaintiff, and the damages sustained by Plaintiff, which are herein described with more particularity.

## VII.
## DECLARATORY RELIEF

15. Plaintiff asserts claim under TEXAS CIVIL PRACTICE AND REMEDIES CODE §37.001, *et seq.* to have his rights, status and other legal relationships under the Insurance Policy he

purchased from Allstate Fire and Casualty Insurance Company established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

A. The negligence of Laquisha Ranee Kitrell in that automobile wreck was the proximate cause of bodily injuries and damages to Gerson Ayala, which injuries include the following:

1. Reasonable and necessary health care expenses incurred in the past;

2. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5. Mental anguish suffered in the past;

6. Mental anguish which, in all reasonable probability, will be suffered in the future;

7. Loss of earning capacity in the past;

8. Loss of earning capacity, which in all reasonable probability, will be sustained in the future;

9. Physical impairment suffered in the past;

10. Physical impairment which, in all reasonable probability, will be suffered in the future; and

11. Disfigurement that was suffered in the past and, in all reasonable probability, will be suffered in the future.

B. Plaintiff's claims for underinsured motorist benefits under the Insurance Policy as

a result of the car wreck that occurred on April 10, 2016 is covered under the Insurance Policy;

    C.    Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that she is entitled to recover from Allstate Fire and Casualty Insurance Company after all applicable set-offs and credits, for each of the following elements damages covered under the Insurance Policy:

1. Reasonable and necessary health care expenses incurred in the past;

2. Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5. Mental anguish suffered in the past;

6. Mental anguish which, in all reasonable probability, will be suffered in the future;

7. Loss of earning capacity in the past;

8. Loss of earning capacity, which in all reasonable probability, will be sustained in the future;

9. Physical impairment suffered in the past;

10. Physical impairment which, in all reasonable probability, will be suffered in the future; and

11. Disfigurement that was suffered in the past and, in all reasonable probability, will be suffered in the future.

16.    Pursuant to §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Plaintiff

seeks all costs and reasonable and necesary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

  a. For preparation and trial;

  b. For an appeal to the Court of Appeals;

  c. For making or responding to an application for writ of error to the Supreme Court of Texas; and

  d. If application for writ of error is granted by the Supreme Court of Texas.

17. Plaintiff now asks the Court, pursuant to the TEXAS DECLARATORY JUDGMENTS ACT §37.001 *et seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Allstate Fire and Casualty Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant.

## VIII.
## BREACH OF CONTRACT

18. The insuring agreement between Defendant and Mr. Ayala provides uninsured/underinsured motorist coverage and constitutes a valid, enforceable contract. Defendant owed a contractual duty under the insuring agreement to provide uninsured motorist benefits to Mr. Ayala. Defendant's refusal to pay Mr. Ayala benefits under the insuring agreement constitutes a breach of the insuring agreement. As a direct and proximate result of Defendant's breach, Mr. Ayala sustained damages.

## IX.
## BREACH OF FIDUCIARY DUTY

19. The insuring agreement between Defendant and Mr. Ayala establishes a fiduciary relationship between the two parties. Mr. Ayala placed a special trust, confidence, and reliance on Defendant and paid for her insuring agreement with Defendant therefore placing upon Defendant

a fiduciary duty to act for the benefit of Mr. Ayala. Insurance agents owe a fiduciary duty to their insurers under agency contracts. *Hartford Cas. Ins. v. Walker Cty. Agency, Inc.*, 808 S.W.2d 681, 687-88 (Tex.App. – Corpus Christi 1991, no writ). Defendant's refusal to pay Mr. Ayala benefits under the insuring agreement constitutes a breach of fiduciary duty. As a direct and proximate result of Defendant's breach, Mr. Ayala sustained damages.

## X.
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

20. Prior to filing this action, Mr. Ayala notified Defendant of her claim under the uninsured/underinsured motorist provision of the policy and all conditions precedent to obtaining benefits had been met. Mr. Ayala provided Defendant documentation and information reasonably necessary for the evaluation of the claim. Despite this, Defendant refused to pay the value of Mr. Ayala' claim.

21. Accordingly, Defendant breached the common law duty of good faith and fair dealing in the following ways:

- Denying payments on the full value of Mr. Ayala's claims when there was no reasonable basis for such;

- Withholding payment of the claim when Defendant knew or should have known that there was no reasonable basis for such; and

- Delaying payment of benefits to Mr. Ayala for uninsured motorist coverage.

22. As a direct and proximate result of Defendant's breach of these duties, Mr. Ayala sustained damages independent of her contractual damages including physical, emotional, and financial injuries.

## XI.
## DAMAGES

23.     Plaintiff has suffered in the past and will suffer in the future bodily injuries as a result of the car wreck caused by an underinsured driver and Defendant's breach of contract with him. Upon trial of this cause, Plaintiff will respectfully request the Court or Jury to determine the amount of loss that he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry as a direct and proximate result of Defendant's negligence. There are certain elements of damages provided by law that Plaintiff in entitled to have the Court or jury in this case consider to determine the sum of money, for each element, that will fairly and reasonably compensate him for the injuries, damages and losses incurred in the past and to be incurred in the future.

24.     Plaintiff believes that a fair and reasonable assessment of the damages and losses sustained as a result of Defendant's acts, omissions and/or conduct is within the jurisdictional limits of this Court.

25.     Under RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff is required to state the amount of monetary relief sought. Plaintiff believes each element of damage references above and sought by Plaintiff is solely within the sound discretion of the jury and will rely on the jury to determine the amount of damages to be awarded to Plaintiff. However, pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, and in order to comply with the Rule only, Plaintiff may ask the jury to award more than $74,500.00 in the aggregate for all elements of recovery. Notwithstanding this required Rule 47 disclosure, the Plaintiff relies upon the good judgment of the jury.

## XII.
## ATTORNEYS' FEES

26.    Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court. Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## XIII.
## INTEREST

27.    Plaintiff is also entitled to pre-judgment and post judgment interest and costs of Court as allowed by law.

## XIV.
## U.S. LIFE TABLES

28.    Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XV.
## JURY

29.    Plaintiff respectfully requests a trial by jury and pays the jury fee.

## XVI.
## REQUESTS FOR DISCLOSURE

30.    Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant Allstate Fire and Casualty Insurance Company disclose, within 50 days of the service of this petition and request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVII.
## NOTICE OF PRESERVATION

31. The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XVIII.
## PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Allstate Fire and Casualty Insurance Company be cited to appear and answer herein; that upon trial hereof, Plaintiff recovers:

1. A declaratory judgment from this Court declaring Plaintiff right to recover under his Insurance Policy;

2. The policy limits payable under the Insurance Policy;

3. Eighteen percent per annum on the policy limits until the day before the judgement is signed;

4. Attorneys' fees;

5. Prejudgment and post-judgment interest at the maximum legal rate as provided by law;

6. Costs of suit; and

7. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**MATÍAS J. ADROGUÉ**
PROFESSIONAL LIMITED LIABILITY COMPANY

By: _____

Matías J. Adrogué
Texas State Bar No. 24012192
Leila M. El-Hakam
Texas State Bar No. 24007147
Zeinab K. Zahid
Texas State Bar No. 24105648
1629 West Alabama St.
Houston, Texas 77006
713-425-7270 *Telephone*
713-425-7271 *Facsimile*
service@mjalawyer.com
**ATTORNEYS FOR PLAINTIFF**

Case 4:20-cv-01792 Document 1-2 Filed on 05/22/20 in TXSD Page 15 of 18

5/1/2020 11:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42685029
By: JONATHAN PATTON
Filed: 5/1/2020 11:30 AM

Receipt Number: 899033
Tracking Number: 73742234

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 2020-22698

| | |
|---|---|
| PLAINTIFF: AYALA, GERSON | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE TO DEFENDANT.

This instrument was filed on April 9, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 13, 2020.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARCELLA HILL

Issued at request of:
Adrogue, Matias J
1629 W. ALABAMA ST.
HOUSTON, TX 77006
713-425-7270

Bar Number: 24012192

**AFFIDAVIT ATTACHED**

Case 4:20-cv-01792   Document 1-2   Filed on 05/22/20 in TXSD   Page 16 of 18

## CAUSE NO. 2020-22698

| | | |
|---|---|---|
| GERSON AYALA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § | |
| Defendant. | § | 129TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared MITCHELL DRAEGER who, being by me duly sworn, deposed and said:

"The following came to hand on Apr 17, 2020, 8:29 am,

CITATION, PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE TO DEFENDANT,

and was executed at 1999 BRYAN ST SUITE 900, DALLAS, TX 75201 within the county of DALLAS at 01:10 PM on Mon, Apr 27 2020, by delivering a true copy to the within named

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM, BY DELIVERING TO ANTOINETTE WILLIAMS, SOP INTAKE

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

*[signature]*
MITCHELL DRAEGER
Certification Number: PSC 7995 EXP.12-31-2021
Certification Expiration:

BEFORE ME, a Notary Public, on this day personally appeared MITCHELL DRAEGER, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON APRIL 29, 2020

*[signature]*
Notary Public, State of Texas

Mallory Perkins
Texas Notary Public
13208722-1
Commission Exp.
JUL. 16, 2023

5/15/2020 2:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43019768
By: Shanelle Taylor
Filed: 5/15/2020 2:50 PM

CAUSE NO. 2020-22698

| | | |
|---|---|---|
| **GERSON AYALA,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff,* § | | |
| § | | |
| **v.** § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **ALLSTATE FIRE AND CASUALTY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Defendant.* § | | **129TH JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Fire and Casualty Insurance Company ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiff's Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from

8030809v1
03647.837

Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   /s/Jay Simon
     Jay Scott Simon
     State Bar No. 24008040
     jsimon@thompsoncoe.com
     THOMPSON, COE, COUSINS & IRONS, LLP
     One Riverway, Suite 1400
     Houston, Texas 77056
     Telephone:  (713) 403-8210
     Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that on May 15, 2020, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Matías J. Adrogué
Leila M. El-Hakam
Zeinah K. Zahid
MATÍAS J. ADROGUÉ, PLLC
1629 W. Alabama St.
Houston, TX  77006
service@mjalawyer.com

     /s/Jay Simon
     Jay Scott Simon